IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE PATRON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-007-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Joe Patron, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ. After having considered the petition and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

I. Factual and Procedural History

Petitioner is serving a life sentence on his 2003 conviction for aggravated sexual assault of a child under 14 years of age in Tarrant County, Texas, Case No. 0859378R. J. on Jury Verdict 73,

*Ex parte Patron*, No. WR-65,544-01, ECF No. 15-1. In the instant petition, petitioner asserts he is challenging his 2003 conviction or sentence, however in correspondence filed with the clerk of court on January 21, 2014, petitioner explicitly states that he is not challenging his 2003 conviction but, instead, is challenging his 1994 Tarrant County conviction for felony DWI that was used to enhancement his current sentence.[1] Correspondence, ECF No. 6; J. on Plea of Guilty 25, *Ex parte Patron*, No. WR-65,544-02, ECF No. 15-2. Petitioner claims that he is actually innocent of being a habitual offender because his 1994 "misdemeanor" DWI conviction, for which he received a 6-month sentence, was used for sentence enhancement in violation of the Ex Post Facto Clause.[2] Pet. 6, ECF No. 1.

II. Subject Matter Jurisdiction

Respondent, who construed the petition as challenging petitioner's 2003 conviction and sentence, asserts the petition

---

[1] Petitioner has challenged his 2003 conviction in previous habeas petitions filed in this court. *See Patron v. Quarterman*, No. 4:09-CV-082-Y; *Patron v. Quarterman*, 4:08-CV-060-Y; *Patron v. Quarterman*, 4:06-CV-724-A.

[2] Petitioner's claim that his 1994 DWI conviction was a misdemeanor offense is factually incorrect. State's Resp. to Appl. for Writ of Habeas Corpus 23-23A & J. on Plea of Guilty 25, *Ex parte Patron*, No. WR-65,544-02, ECF No. 15-2.

2

is untimely and should be dismissed under the federal statute of limitations. Resp't's Prel. Resp 3-6, ECF No. 16. However, as a preliminary matter, this court has the duty to assure that it has jurisdiction over the matters before it. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). A federal court lacks subject matter jurisdiction to entertain a § 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *Maleng*, 490 U.S. at 490-91. This is true even if the prior conviction is used to enhance the sentence imposed for any subsequent crime of which he is convicted. *Id.* at 492.

Clearly, petitioner's 6-month sentence for his 1994 DWI conviction fully expired years ago. Therefore, he was not in custody under the 1994 conviction and sentence at the time this petition was filed, and he may not now challenge the conviction directly in a § 2254 petition. *Garlotte v. Fordice*, 515 U.S. 39,

3

45 (1995); *Maleng*, 490 U.S. at 492-93.

For the reasons discussed herein,

The court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice for lack of subject matter jurisdiction.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied.

SIGNED July 18, 2014.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

4